# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM C. PEREZ and | : | |
| FONDA PEREZ, | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE BARDO, et al., | : | No. 11-376 |
|     Defendants. | : | |

## MEMORANDUM

Schiller, J.                                                                                           March 17, 2011

A truck hit Plaintiff William Perez's vehicle as he drove down a Lehigh County highway in January of 2009. He and his wife, Fonda Perez, bring tort claims against the truck's driver, its owner, and two corporate entities which may also have employed the driver or operated the truck. Defendants' motion to dismiss is presently before the Court. The Court will grant this motion in part and deny it in part for the reasons stated below.

## I.  BACKGROUND

On January 28, 2009, George Bardo was driving a truck northbound on MacArthur Road in Lehigh County, Pennsylvania. (Compl. ¶ 10-11.) Bardo strayed into the southbound lane and collided with William Perez's truck. (*Id*. ¶ 12.) Bardo was driving too fast, did not have his truck under control, and failed to give sufficient notice of his approach. (*Id*. ¶ 13.) Bardo had also not received adequate training, disregarded traffic signals, and violated various local, state and federal regulations "pertaining to the operation of trucks and/or tractor trailers." (*Id*.)

Bardo was working either for Richard Durgin, O'Connors Express, Inc., or Southern Tier Custom Fabricators at the time of the accident. (*Id*. ¶ 10.) Plaintiffs also allege in the alternative

that any of these Defendants may have owned, maintained or serviced the truck. (*Id*. ¶ 9.) Allegations that apply to Defendants other than Bardo include Perez's claims that Defendants: (1) negligently entrusted the truck to Bardo; (2) failed to maintain and service the truck; and (3) were otherwise negligent, careless or reckless. (*Id*. ¶ 13.)

As a result of the accident, Perez suffered numerous muscle sprains and strains, in addition to lumbar spondylosis and facet arthropathy. (*Id*. ¶ 14.) He seeks damages for medical expenses and lost income. (*Id*. ¶¶ 17-18.) Fonda Perez seeks damages for the loss of her husband's society, assistance and support. (*Id*. ¶ 22.)

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure mandate dismissal of complaints which fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court accepts "as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom," viewing them in the light most favorable to the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

This Court applies a two-part analysis to determine whether claims should survive a Rule 12(b)(6) motion to dismiss. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court must first separate the factual and legal elements of each claim, accepting well-pleaded facts as true but disregarding legal conclusions. *See id*. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *See id*. at 211 (citing *Phillips*, 515 F.3d at 234-35). If the well-pleaded facts "do not

2

permit the court to infer more than the mere possibility of misconduct," the Court should dismiss the complaint for failure to state a claim. *See Jones v. ABN Amro Mortg. Grp.*, 606 F.3d 119, 123 (3d Cir. 2010).

**III. DISCUSSION**

Defendants contend that Plaintiffs: (1) have not alleged sufficient facts to support their allegations of recklessness; (2) have failed to state a claim against Durgin; and (3) made open-ended allegations of negligence that do not specifically identify each Defendant's wrongdoing. Defendants seek dismissal or, in the alternative, an order that Plaintiffs file an amended complaint "setting forth specific acts attributable to each individual Defendant and/or striking insufficiently pled allegations." (Mem. in Supp. of Defs.' Mot. to Dismiss [Mot. to Dismiss] 2.)

### A. Defendants' Recklessness

#### 1. *Punitive damages*

Defendants assert that Plaintiffs "seek an award of punitive damages with the inclusion of allegations of recklessness" against Bardo, Durgin, and O'Connors Express. (*Id*. at 2.) Defendants argue that Plaintiffs cannot recover punitive damages because they have not alleged facts supporting such an award. Plaintiffs' Complaint includes general demands for damages in excess of $150,000, but does not explicitly seek punitive damages. It is thus "unclear how Defendants are prejudiced by the language at issue." *Bolyard v. Wallenpaupack Lake Estates, Inc.*, Civ. A. No. 10-87, 2010 WL 1978802, at *2 (M.D. Pa. May 14, 2010). Defendants request to strike "all references to such damages" will thus be denied.

3

### 2. *Allegations of recklessness*

Defendants also challenge Plaintiffs' allegations of recklessness. (Mot. to Dismiss 8.) A defendant acts recklessly when he creates "an unquestionable risk of physical harm to another and such risk is substantially greater than that which is necessary to make his conduct negligent." *Bolyard,* 2010 WL 1978802, at *2 (quoting *Hutchinson v. Luddy*, 870 A.2d 766, 771 (Pa. 2005)). Examining these allegations with respect to each Defendant, the Court concludes that Plaintiffs properly allege recklessness only with respect to the truck's driver, Bardo.

Plaintiffs' allegations that Bardo operated his truck improperly and drove the vehicle despite his inadequate training are sufficient to support a finding of recklessness. *See Tomassoni v. Farr*, Civ. A. No. 11-105, 2011 WL 846637, at *2 (M.D. Pa. Mar. 8, 2011). Plaintiffs also allege that Defendants other than Bardo failed to service or maintain the truck, negligently entrusted the truck to Bardo, and were otherwise negligent under the circumstances. (Compl. ¶ 13.) Plaintiffs' allegations do not support an inference that these defendants were aware of the risks posed by allowing Bardo to drive. Such allegations of negligent conduct, without more, do not support a finding of recklessness. *Cf. Tomassoni*, 2011 WL 846637, at *2 (denying motion to strike punitive damages claim where plaintiff alleged that defendant company knew its driver was potentially unsafe due to excessive time on the road). The Court will therefore deny Defendants' motion with respect to Bardo and grant it with respect to the other defendants.

### B. **Plaintiffs' Allegations of Negligence**

Defendants seek to strike paragraphs 13(t) and 13(u) of the Complaint, which allege that Defendants were "otherwise negligent under the circumstances" and may have committed "other acts or omissions which constitute negligence, carelessness, and/or reckless indifference for the

4

safety of the plaintiff."

A lack of specificity is to be expected prior to discovery. *See Pacheco v. Golden Living Ctr.-Summit*, Civ. A. No. 10-1641, 2011 WL 744656, at *5 n.4 (M.D. Pa. Feb. 23, 2011). A plaintiff's decision to include such catch-all allegations does not automatically render his complaint vulnerable to a motion to dismiss or a to motion for a more definite statement. *Bolyard*, 2010 WL 1978802, at *3. Such a "broad statement suffices to render [a] claim 'plausible'" enough to survive a motion to dismiss. *Cerbelli v. City of New York*, Civ. A. No. 99-6846, 2008 WL 4449634, at *24 (E.D.N.Y. Oct. 1, 2008). The Complaint describes Defendants' conduct in sufficient detail to put Defendants on notice of the claims against them and permit them to prepare a response. The Court will therefore deny Defendants' motion with respect to paragraphs 13 (t) and 13 (u) of the Complaint.

### C. Plaintiffs' Claim Against Durgin

Defendants assert that Plaintiffs have failed to state a claim against Durgin. (Mot. to Dismiss 8.) Plaintiffs clarify in their response that they seek to hold Durgin responsible for negligent entrustment based on his alleged status as the truck's owner. (Pls.' Resp. 7; *see also* Compl. ¶ 13(s) (alleging Defendants negligently entrusted their truck to Bardo).)

In the automobile accident context, a negligent entrustment claim requires a showing that a defendant entrusted a vehicle to a person he knew or had reason to know was incompetent or likely to drive improperly. *Wertz v. Kephart*, 542 A.2d 1019, 1023-24 (Pa. Super. Ct. 1988); *see also Magg v. Stoltzfus*, Civ. A. No. 98-4336, 2000 WL 1578498, at *4 (E.D. Pa. Oct. 17, 2000). A truck owner or the manager of a trucking company may thus be liable under a negligent entrustment theory if they knew or should have known a driver was likely to use his truck in a

way that would create an unreasonable risk of harm to others. *Burnett v. Swift Transp., Inc.*, Civ. A. No. 07-1490, 2011 WL 533603, at *8 (M.D. Pa. Feb. 8, 2011). Plaintiffs allege that Bardo was not adequately trained to operate the truck. (Compl. ¶ 13.) In addition, Plaintiffs claim Durgin was "otherwise negligent under the circumstances." (*Id*.) It is reasonable to infer that Durgin, as the truck's owner or as Bardo's supervisor, had reason to know of Bardo's deficient training or other factors suggesting he was not fit to drive the truck. Taken together, these allegations provide a plausible basis for this claim. The Court will therefore deny Defendants' motion with respect to Plaintiffs' negligent entrustment claim against Durgin.

## IV. CONCLUSION

Plaintiffs have not presented plausible allegations of recklessness with respect to any defendant other than Bardo. The Court will therefore dismiss these claims without prejudice, and allow Plaintiffs to file an amended complaint reformulating these claims. Defendants' motion will be denied in all other respects. An Order consistent with this Memorandum will be docketed separately.